IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LORA HARPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00195-O-BP |
| § | |
| KROGER TEXAS, L.P., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's First Amended Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 10), Brief in Support (ECF No. 11), and Appendix in Support (ECF No. 12), filed March 16, 2017. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant's First Amended Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 10) and DISMISS with prejudice Plaintiff's claims against Defendant Kroger Texas, L.P.

**I.    BACKGROUND**

Plaintiff Lora Harper ("Harper") filed suit in the 96th Judicial District Court of Tarrant County, Texas, alleging negligence and premises-liability claims against Defendant Kroger Texas, L.P. ("Kroger"). ECF No. 1-2. Harper's claims are based on a slip and fall incident at a Kroger store that occurred on December 14, 2014. *Id.* at 8. On March 1, 2017, Kroger removed this action based on diversity of citizenship jurisdiction. ECF No. 1. Thereafter, Kroger filed the instant Motion to Dismiss, contending that Harper's claims are barred by the statute of limitations because

she did not serve Kroger within the limitations period or demonstrate that she exercised due diligence in attempting to effectuate service during the limitations period. ECF No. 10 at 1-2. Harper did not file a response to Kroger's Motion to Dismiss.

## II.    LEGAL STANDARDS

### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as

well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### B. *Erie* Doctrine

Harper's claims do not invoke a federal question. Therefore, the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

### III. ANALYSIS

Under Texas law, the statute of limitations for Harper's claims of negligence and premises liability expired on December 14, 2016, two years after the slip and fall incident at issue in this case. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Hendrix v. Cornerstone Realty Income Trust*, No. 306-CV-0596-AH, 2006 WL 2583215, at *3 (N.D. Tex. Aug. 30, 2006) (citing *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000) (internal citation omitted)) ("When a federal

3

court considers a state law claim under its diversity jurisdiction, the applicable state statute of limitations governs the determination of whether the claim is time-barred."). Harper timely filed her Original Petition, including the correct service information for Kroger's registered agent, in state court on December 13, 2016. However, she did not effect service on Kroger's registered agent until February 21, 2017, after requesting the Issuance of Citation from the Clerk of the District Court of Tarrant County, Texas on February 20, 2017. ECF No. 1-2 at 2, 5-7. Kroger asserts that under Texas law, Harper's claims are time-barred because although she timely filed her Original Petition, she did not serve Kroger until 69 days after the limitations period ran and she failed to demonstrate that she exercised due diligence in attempting service. ECF No. 11.

In order to timely bring suit against a defendant within the statute of limitations prescribed by Tex. Civ. Prac. & Rem. Code § 16.003(a), "a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). If a plaintiff files suit within the limitations period but fails to effect service of process until after the expiration of the limitations period, "the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Id.* at 260. "A plaintiff exercises due diligence in attempting to serve a defendant if she: '(1) acts as an ordinary prudent person would under the same circumstances, and (2) is diligent up until the time the defendant is served.'" *Hendrix*, 2006 WL 2583215 at *3 (quoting *Plantation Production Properties, L.L.C. v. Meeks*, No. 10-02-00029-CV, 2004 WL 2005445, at *5 (Tex. App.—Waco Sept. 8, 2004, no pet.)). However, "any unexplained delay constitutes a lack of due diligence as a matter of law." *Id.* (internal citations omitted). Here, Harper "neither amended her pleadings to allege the use of due diligence in serving process nor did she file a response to [Kroger's Motion to Dismiss] professing an explanation for the [more than] two month delay

between the filing of suit and the service of process on [Kroger]." *Id.* at 4. Thus, Harper's failure to explain her delay in effecting service constitutes a lack of due diligence as a matter of law, barring her claims against Kroger. *See id.* Based on the pleadings on file in the case, and Harper's failure to respond entirely to Kroger's Motion to Dismiss based on the statute of limitations, Harper has neither shown that she effected service within the limitations period nor demonstrated that she exercised the requisite due diligence in effecting service after the limitations period. *See, e.g.*, *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 142 (5th Cir. 2007). Thus, Harper's claims against Kroger are barred by the statute of limitations.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's First Amended Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 10) and DISMISS with prejudice Harper's claims against Kroger.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    Signed April 11, 2017.

                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE