IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LORA HARPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00195-O |
| § | |
| KROGER TEXAS, L.P., § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 16) in this case. The R&R recommended that this Court grant Defendant's Motion to Dismiss and dismiss with prejudice Harper's claims against Kroger. Harper filed objections. *See* Pl.'s Obj., ECF No. 21. The Court has conducted a de novo review of those portions of the R&R to which an objection was made. For the following reasons, Harper's objections are overruled, and the R&R is adopted as the findings and conclusions of the Court. Accordingly, it is **ORDERED** that Defendant's Amended Motion to Dismiss (ECF No. 10) is **GRANTED**.

## I.   BACKGROUND

On December 14, 2014, Harper slipped and fell at a Kroger store. Harper filed her original petition in Texas state court on December 13, 2016. But she did not effect service on Kroger's registered agent until February 21, 2017. After receiving service, Kroger removed this action to this Court on the basis of diversity jurisdiction. Kroger then filed its motion to dismiss, arguing that Harper's claims were barred by the statute of limitations. Harper did not respond to the motion

to dismiss. The magistrate judge issued his recommendation that Kroger's motion to dismiss be granted, and Harper now objects.

## II.   ANALYSIS

Harper's first objection is that, in the parties' joint status report, she did not consent to a magistrate judge hearing this case, and so the R&R of the magistrate judge should not be considered. Pl.'s Obj. ¶¶ 1–2, ECF No. 21. But the joint status report asks whether the parties would consent to a trial before a magistrate judge under 28 U.S.C. § 636(c). The parties' consent is not required for the Court to designate a magistrate judge to submit a proposed findings of fact and recommendation under 28 U.S.C. § 636(b)(1)(B). *See McCoy v. Pace*, 493 Fed. Appx. 494, 495 (5th Cir. 2012). This objection is overruled.

Harper's next objections are incorporated in her Plaintiff's Response to Magistrate's Findings, Conclusions and Recommendation (ECF No. 20). There, Harper argues that the R&R incorrectly applied Texas law about whether a plaintiff is diligent in attempting to serve a defendant. *See generally* Pl.'s Resp., ECF No. 20. Harper does not object to the magistrate judge's determination that the statute of limitations for her claims is two years or that a plaintiff must not only file a suit within the statute of limitations but also "use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Here, Harper filed her suit within the limitations period but did not effect service until about two months after the limitations period had expired.

What Harper objects to is the R&R's finding that Harper failed, as a matter of law, to exercise due diligence in attempting service. Pl.'s Resp. ¶ 6, ECF No. 20. Harper also argues that a two-month delay of service does not show a lack of diligence under Texas law. *Id.* ¶ 9. But "any unexplained delay constitutes a lack of due diligence as a matter of law." *Hendrix v. Cornerstone*

*Realty Income Trust*, No. 3:06-CV-0596-AH, 2006 WL 2583215, at *3 (N.D. Tex. Aug. 30, 2006) (Sanderson, Mag. J.) (citing *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.)). And when "a defendant [ ] has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff [ ] to explain the delay." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). The magistrate judge looked to see whether Harper had attempted to explain the lack of timely service, but found no explanation. *See* R&R 4, ECF No. 16. By failing to respond to Kroger's motion to dismiss,[1] Harper did not provide any explanation for the delay and failed to satisfy her burden to show that she exercised due diligence in service. *See Holt*, 993 S.W.2d at 241. Accordingly, the Court overrules Harper's objection that the R&R incorrectly concluded that Harper failed to exercise due diligence as a matter of law.

Also in Harper's Response to Magistrate's Findings, Conclusions and Recommendation (ECF No. 20), Harper explains why the service was delayed and argues she exercised due diligence. Pl.'s Resp. ¶¶ 12–23, ECF No. 20. Whether the specific actions Harper took to effect service constituted due diligence was not before the magistrate judge, because, at the time that the magistrate judge issued the R&R, Harper had not responded to Kroger's motion or attempted to explain the delay in service. Issues and arguments presented for the first time in an objection to a report and recommendation need not be considered by the district court. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013). Accordingly, the Court does not consider Harper's argument about whether she acted diligently.

---

[1] After the magistrate judge issued the R&R, Harper moved to file a late response. *See* ECF No. 22. The magistrate judge has denied that motion, and Harper did not object. ECF No. 25. The Court will only consider the arguments before the magistrate judge when he issued the R&R.

To explain her failure to timely respond to the motion dismiss, Harper states that she was not notified that the case had been removed and that she was not served with Kroger's motion to dismiss. The magistrate judge has considered these arguments in Harper's Motion for Extension of Time to File Response (ECF No. 25), but did not find them persuasive, and denied the motion. *See* June 28, 2017 Order, ECF No. 25. For the same reasons, this Court does not believe Harper is entitled to an extension of time to file her response, and she cannot attempt to get the same arguments in through her objections to the R&R.

### III.   CONCLUSION

For all the foregoing reasons, Harper's objections are **OVERRULED**, and the R&R is adopted as the findings and conclusions of the Court. Accordingly, it is **ORDERED** that Defendant's Amended Motion to Dismiss (ECF No. 10) is **GRANTED**.

**SO ORDERED** on this **14th day** of **July, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE